ALFRED W. PUTNAM, trustee in bankruptcy, *vs.* HERBERT
L. HANDY.

Suffolk.    November 18, 1924. — January 30, 1925.

Present: RUGG, C.J., BRALEY, PIERCE, CARROLL, & WAIT, JJ.

*Bankruptcy*, Set-off.    *Words*, "Mutual debts," "Mutual credits."

A defendant in a suit in equity by a trustee in bankruptcy of a corporation
to compel the payment of damages which had resulted to the corporation
by reason of fraud of the defendant as its director and president, wherein
a final decree has been entered ordering a payment of a certain amount
of money to the plaintiff, is not entitled to maintain a cross bill to have
set off against the amount named in the decree certain indebtedness
owed to the defendant by the corporation, the claim of the trustee set
out in his suit in equity not being a debt, nor in the nature of a debt,
claim or demand springing from the obligation of an express or implied
contract or arising from implication of law, and the case, therefore, not
being one of "mutual debts" or "mutual credits" under § 68a of the
national bankruptcy act.

BILL IN EQUITY, filed in the Superior Court on November
21, 1921, by the trustee in bankruptcy of the United States
Leatheroid and Rubber Company against one who had been
its president, a member of its board of directors, and the
owner of bonds in a large amount secured by a mortgage
upon its property, as well as the controlling influence of
the corporation, seeking an accounting by the defendant
for the fair value of property of the corporation alleged to
have been attached and sold by him for less than its value
in violation of his duty as an officer of the corporation.

The suit previously was before this court on an appeal by
the defendant from a final decree for the plaintiff entered by
order of *Sanderson*, J., and is reported in 247 Mass. 406.

After rescript, the defendant was given leave to file the
cross bill described in the opinion.   The suit then was
further heard, on the cross bill and an answer thereto, by
*Hammond*, J., who ruled that the defendant was not entitled
to maintain the cross bill; and by his order a final decree
was entered dismissing the cross bill and directing the de-

fendant to pay to the plaintiff the sum of $6,963.23 and costs. The defendant appealed.

The case was submitted on briefs.

*W. R. Buckminster & J. E. Crowley*, for the defendant.

*A. W. Putnam*, trustee in bankruptcy, *pro se.*

BRALEY, J. The defendant — after the decision in *Putnam* v. *Handy*, 247 Mass. 406, where it was held that he must pay to the plaintiff, the trustee in bankruptcy of the United States Leatheroid and Rubber Company, damages which the corporation suffered through his fraudulent acts as director and president of the corporation — was given leave to file a cross bill to have set off certain indebtedness, due to him from the company, which was more than sufficient to cover the damages. The trial court having dismissed the cross bill, we are asked to reverse the decree.

The law is plain: " In all cases of mutual debts or mutual credits between the estate of a bankrupt and a creditor the account shall be stated and one debt shall be set off against the other, and the balance only shall be allowed or paid." U. S. St. 1898, c. 541, § 68a. See § 1 (11). *Morgan* v. *Wordell*, 178 Mass. 350, 353. The claim of the trustee established under the original bill rested on Handy's violation of a fiduciary duty. It was not a debt, nor in the nature of a debt, claim or demand springing from the obligation of an express or implied contract or arising from implication of law. *Gray* v. *Bennett*, 3 Met. 522, 526. *Morris* v. *Windsor Trust Co.* 213 N. Y. 27. The terms " mutual debts" and " mutual credits" are correlative, and to authorize a set-off on the record the element of mutuality of obligation between debtor and creditor in the same right is necessary. It is absent, and the decree is affirmed with costs. *Libby* v. *Hopkins*, 104 U. S. 303. *Carr* v. *Hamilton*, 129 U. S. 252. *Western Tie & Timber Co.* v. *Brown*, 196 U. S. 502. See G. L. c. 232, § 1.

*Ordered accordingly.*