618

[No. 1946–3. Division Three. October 12, 1977.]

JAMES W. GIVENS, *Appellant,* v. J. E. HALL, ET AL, *Respondents.*

*Patrick H. Shelledy,* for appellant.

*John G. Layman, Frank J. Gebhardt,* and *Layman, Mullin & Etter,* for respondents.

McINTURFF, J.—Plaintiff, the trustee in bankruptcy for J. E. Hall Contractors, Inc., brought this action to recover on accounts owed by the defendants to the corporation. After trial to the court, judgment was granted against Mr. and

Mrs. Hall for $212,807.60. This amount was set off against two earlier judgments against the defendants. Plaintiff appeals.

The only issue on appeal is whether the trial court erred in concluding that the earlier judgments obtained against the Halls should be offset against the amounts for which they were found liable here. We affirm.

The earlier judgments arise out of cases where the Halls personally guaranteed repayment of the corporation's debts. In one case International Harvester obtained a judgment of $348,393; and in the other, Pacific National Bank obtained a judgment of $122,000. The trial court found that without the Halls' guaranties on those obligations, the corporation would not have received the credit it sought.

■ The trustee's principal contention is that a set–off is not allowable under the bankruptcy act between a corporation and one of its fiduciaries. The pertinent portion of 11 U.S.C. § 108 (1953) provides:

> a. In all cases of mutual debts or mutual credits between the estate of a bankrupt and a creditor the account shall be stated and one debt shall be set off against the other, and the balance only shall be allowed or paid.

He relies on the general rule that where the liability of one claiming set–off against the bankrupt arises from a fiduciary duty, he may not set off a debt owing from a bankrupt against such liability since it arises from a fiduciary duty and is independent of the debt owing from the bankrupt.[1]

We are asked to adopt the reasoning of the court in *Bayliss v. Rood*, 424 F.2d 142 (4th Cir. 1970), where a director, who was a major shareholder of a bankrupt corporation, sought to set off against the claim of the trustee in bankruptcy an amount advanced to the corporation to help it secure a Small Business Administration loan. We find

---

[1] 4 W. Collier, *Bankruptcy* § 68.04, at 872–73 (14th ed. J. Moore 1975); 8 C.J.S. *Bankruptcy* § 211, at 1040–41 (1955).

*Bayliss* and other cases relied upon by the trustee[2] distinguishable on the ground that each involved the breach of a fiduciary duty not found by the trial court here. Furthermore, we are not persuaded by the trustee's position on oral argument that Mr. Hall's capacity as president and principal shareholder of the corporation is in itself enough to prevent a set–off. To so hold would effectively preclude a set–off under any circumstances involving a closely held corporation.

In addition, we note that a set–off between a corporate principal and his corporation has been allowed in this jurisdiction despite evidence of a breach of fiduciary duties and the wrongful appropriation of funds. The court said in *Kinman v. Roberts,* 151 Wash. 35, 40–41, 274 P. 719 (1929):

> Prior to 1926, and prior to its insolvency, the company had become indebted to one Treede in the sum of $2,500, evidenced by a promissory note endorsed by Roberts, he thus pledging his personal credit for the benefit of the company. After the company became insolvent, Roberts gave his personal note to Treede for that amount, and took over from Treede the note on which he was obligated for the company as endorser. Roberts then caused himself to be credited upon the books of the company with $2,500 as payment of that note; manifestly upon the theory that he was entitled to credit in that sum as an

---

[2]*Western Tie & Timber Co. v. Brown,* 196 U.S. 502, 49 L. Ed. 571, 25 S. Ct. 339 (1905) (wrongful withholding of wage deductions); *In re Bob Richards Chrysler–Plymouth Corp., Inc.,* 473 F.2d 262 (9th Cir. 1973) (wrongful withholding of tax refund); *Kyle v. Stewart,* 360 F.2d 753 (5th Cir. 1966) (appropriation of proceeds from sale of corporate property).

*See also Lytle v. Andrews,* 34 F.2d 252, 254 (8th Cir. 1929), and *Putnam v. Handy,* 251 Mass. 196, 197, 146 N.E. 264, 265 (1926), where the courts said, respectively:

> Lytle received these funds in violation of a trust, and cannot in that way obtain a preference. *The manner in which he obtained these assets precludes him from setting up that they were obtained under contract with the corporation.*

(Italics ours.)

> The claim of the trustee established under the original bill rested on Handy's violation of a fiduciary duty. It was not a debt, nor in the nature of a debt, claim or demand springing from the obligation of an express or implied contract or arising from implication of law.

offset against the $6,000 indebtedness owing by him to the company before its insolvency, he having so satisfied the $2,500 indebtedness owing by the company to Treede, for which he was obligated as endorser for the company before its insolvency. We think he was not thereby purchasing a claim against the company after its insolvency of such nature as was not capable of being used by him as an offset. He was but satisfying an obligation of the company upon which he was bound for the benefit of the company before its insolvency. Thus, we have a $6,000 obligation of Roberts to the company existing before its insolvency, and a $2,500 obligation of the company to Roberts existing before its insolvency. We are of the opinion that Roberts is entitled to the credit of $2,500 as a set–off against the $6,000 owing by him to the company, and that in so far as the judgment of the trial court denied him such set–off, it is erroneous.

■ In further support of the trial court's judgment we note that the doctrine of set–off under section 68 of the bankruptcy act is a matter of equity.[3] In addition, the right to set–off is discretionary,[4] and the trial court's judgment in a case requiring an exercise of discretion will not be disturbed unless there is an abuse of its discretion. *State ex rel. Carroll v. Junker,* 79 Wn.2d 12, 482 P.2d 775 (1971).

The trial court's findings, to which no assignment of error was made, support its judgment. Looking at these findings, we find, first, the Halls personally guaranteed the corporation's debts to two major creditors who would not otherwise have extended credit to the now bankrupt corporation. Secondly, as a result of the corporation's defaults on those obligations, the defendants have suffered judgments totaling more than $400,000 which, although unpaid, constitute

---

[3]*Gray v. Rollo,* 85 U.S. (18 Wall.) 629, 21 L. Ed. 927 (1874); *Cumberland Glass Mfg. Co. v. De Witt,* 237 U.S. 447, 59 L. Ed. 1042, 35 S. Ct. 636 (1914); *In re Rosenbaum Grain Corp.,* 103 F.2d 656 (7th Cir. 1939); 4 W. Collier, *Bankruptcy* § 68.02, at 851–52 (14th ed. J. Moore 1975); 8 C.J.S. § 211, at 1041 (1955).

[4]*Cumberland Glass Mfg. Co. v. De Witt,* 237 U.S. 447, 59 L. Ed. 1042, 35 S. Ct. 636 (1914); *In re Diplomat Elec., Inc.,* 361 F. Supp. 1163 (S.D. Fla. 1973), aff'd, 499 F.2d 342 (5th Cir. 1974); 4 W. Collier, *Bankruptcy* § 68.02, at 851–52 (14th ed. J. Moore 1975).

a lien on their home. Finally, the Halls cannot begin a new venture until those debts are satisfied. In light of those findings and the trial court's opportunity to observe the witnesses firsthand, we do not find an abuse of discretion.

Judgment of the Superior Court is affirmed.

MUNSON, C.J., and GREEN, J., concur.

Petition for rehearing denied December 16, 1977.