HENRY FRIEDMAN, trustee in bankruptcy, *vs.* MARIO C. DeLUCA. January 5, 1979. One of the questions raised by the plaintiff's appeal from the final judgment is as to the propriety of the order denying the plaintiff's motion for summary judgment in its entirety. See the second paragraph of Mass.R.A.P. 3(a), 365 Mass. 846 (1974). For the purposes of that motion it was established by the defendant's answers to interrogatories Nos. 3 through 8, 10, 11 and 19 and by pars. 2, 3 and 5 of the Gennaco affidavit that the plaintiff, as Gennaco's trustee in bankruptcy, had title to the unaltered promissory note declared on, that the defendant had executed and delivered the note to Gennaco for good consideration, that the defendant had defaulted on the note, and that the only disputed questions of fact were as to the amount still due in accordance with the terms of the note. It was clear from the defendant's answer to interrogatory No. 13 and from his affidavit in opposition to the motion that the "counterclaim" referred to in the amended answer was comprised of a variety of claims for damages (which may

not even have belonged to the defendant) for allegedly wrongful acts which had been committed by Gennaco acting in his capacity as a fiduciary and not in his individual capacity. As those claims and the ones asserted by the plaintiff were not "mutual debts or mutual credits" within the meaning of 11 U.S.C. § 108(a) (1970), the defendant's claims could not be set off in the present action. *In re Bob Richards Chrysler-Plymouth Corp.,* 473 F.2d 262, 265 (9th Cir.), cert. denied sub nom. *Western Dealer Management, Inc.* v. *England,* 412 U.S. 919 (1973). 4 Collier, Bankruptcy par. 68.04[2.1] and [3] and par. 68.05[2] (14th ed. 1978). See also *Putnam* v. *Handy,* 251 Mass. 196, 197 (1925). Accordingly, an order should have been entered under Mass.R.Civ.P. 56(d), 365 Mass. 824 (1974), to the effect that the defendant was liable to the plaintiff in accordance with the terms of the note and without regard to the "counterclaim," and that the only disputed questions of fact which were to be submitted to and decided by a jury were as to the amounts still due in accordance with the terms of the note. The judgment is reversed, and the case is remanded to the Superior Court Department for further proceedings consistent with this opinion.

*So ordered.*

*Frederick T. Golder* for the plaintiff.
*Milton Schwartz* for the defendant.