William A. BROWNER, Trustee under the EROC Liquidation Trust Agreement, and Energy Resources Company, Inc., Plaintiffs,

v.

Richard H. ROSEN and Texen Resources, Inc., Defendants.

Civ. A. No. 84-4067-C.

United States District Court,
D. Massachusetts.

Dec. 9, 1985.

David S. Mortensen, John J. Regan, Hale & Dorr, Boston, Mass., for plaintiffs.

Thomas G. Shapiro, Shapiro and Grace, Boston, Mass., for defendants.

## MEMORANDUM

CAFFREY, Chief Judge.

This is a civil action brought by Energy Resources Company, Inc. (hereinafter "ERCO"), a bankrupt Massachusetts corporation, and its Trustee, William A. Browner, against ERCO's former president, chief executive officer, and director, Richard H. Rosen, and against Texen Resources, Inc., a subsidiary of ERCO. The plaintiffs seek to recover monies in the form of loans and travel advances allegedly unlawfully appropriated by Rosen for his personal use. Furthermore, the plaintiffs seek to rescind a transaction between Rosen and Texen Resources, Inc. related to ERCO's claims against Rosen for unlawful appropriation of ERCO funds. Defendant Rosen has filed a counterclaim in five counts which alleges that various sums of money are owed to Rosen by ERCO's estate in the form of expense reimbursements, loan obli-gations, wages, indemnification and litigation expenses in another action presently pending against him, and damages for defamation. The counterclaim prays for an affirmative recovery from the bankrupt corporation's estate or, in the alternative, a set-off of such obligations against any amount the plaintiffs might recover on the claims for misappropriated funds.

The matter is now before the Court on a motion for summary judgment by the plaintiffs on defendant Rosen's counterclaim. Fed.R.Civ.P. 56(b). A district court may not grant summary judgment unless the moving party has shown that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(e). In considering the plaintiffs' motion for summary judgment, the Court has examined the record in detail and has considered the facts in the light most favorable to defendant Rosen. *Raskiewicz v. Town of New Boston*, 754 F.2d 38 (1st Cir.1985).

The plaintiffs contend that, as a matter of law, defendant Rosen's sole remedy is to file proofs of claim and, therefore, he may not obtain an affirmative recovery from ERCO's estate in this action. The plaintiffs also argue that Rosen may not set off his counterclaim against monies ERCO might recover from him at trial under the section of the United States Bankruptcy Code which provides a right of set-off, 11 U.S.C. § 553(a), because the parties' alleged debts are not mutual. Finally, the plaintiffs maintain that Count V of Rosen's counterclaim, which states a claim for defamation, is barred by an order of the Bankruptcy Court setting August 28, 1984 as the last day on which proofs of claim may be filed against ERCO.

The plaintiffs' complaint in this action alleges, *inter alia*, the following facts: ERCO was a company engaged in various high-technology lines of business, including alternate fuels and energy sources, enhanced oil recovery, petroleum-engineering services, hazardous-waste analysis and treatment, and environmental consulting and policy analysis for private and govern-

mental clients. At all relevant times until January 11, 1983, defendant Rosen was the president, chief executive officer, and director of ERCO. Defendant Texen Resources, Inc. was organized as a wholly-owned subsidiary of ERCO in December, 1980, for the purpose of acquiring and managing oil properties for the account of third-party proprietors, in connection with ERCO's use of its enhanced oil-recovery techniques.

The complaint alleges that during the years 1980–1982 defendant Rosen directed certain officers and employees of ERCO to loan him substantial amounts of ERCO funds for his personal use and to make advances to Rosen for personal travel. The largest loans to Rosen were loans of $250,000, $100,000, and $166,000 made on January 3, January 5, and February 25, 1982, respectively. Rosen allegedly promised that any loans and travel advances not expended in furtherance of ERCO business would be repaid by him upon demand and with interest, at agreed upon rates.

ERCO's financial condition worsened throughout the first quarter of 1982, while Rosen allegedly continued to withdraw substantial additional amounts of money from ERCO. During 1982 and early 1983, the complaint alleges, Rosen ignored repeated demands by officers, directors, and creditors of ERCO to repay these monies. The amount of principal and interest allegedly due and owing from Rosen to ERCO on January 17, 1983, the date that ERCO filed its petition for relief under the Bankruptcy Law, was at least $640,931.24.

The complaint also alleges that on or about January 10, 1983, one week before ERCO filed its petition, Rosen purported to have ERCO convey to Texen Resources, Inc. its claims against Rosen for repayment of the loans, travel advances, and any other monies allegedly received by Rosen from ERCO. Simultaneously, Rosen purported to have ERCO convey to him 80 percent of the stock of Texen. If that conveyance was lawful, it would give Rosen control of Texen and Texen's claims against him.

On January 17, 1983 ERCO filed a petition in the Bankruptcy Court for the District of Massachusetts for relief under chapter 11 of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.*, in a case entitled *In re Energy Resources Co., Inc.*, No. 83–00060–JG. The Bankruptcy Court set August 28, 1984 as the last day for the filing of proofs of claim against ERCO. On August 4, 1984 defendant Rosen filed three proofs of claim. Rosen's three proofs of claim demand $124,900.00 from ERCO for past "wages, salary as commissions", indemnification for a civil action pending against him in which the plaintiff is seeking $4.2 million, the legal costs of defending that action, $43,867.00 in unreimbursed expenses, and $120,000 representing a contractual claim. These proofs of claim roughly correspond to Counts I, II, III and IV of his counterclaim. The only other count in Rosen's counterclaim, Count V, alleges that on or about April or May, 1982 ERCO published defamatory matter about Rosen. Rosen did not file a proof of claim with respect to the alleged defamation.

For the reasons discussed below, the plaintiffs are not entitled to summary judgment on Counts I through IV of Rosen's counterclaim, but they are entitled to summary judgment on Count V. Plaintiffs argue, and this Court agrees, that the sole remedy for asserting an affirmative right to monies owed by a bankrupt's estate, based on prepetition debt, is to file proofs of claim. *O.P.M. Leasing Services, Inc. v. Weissman*, 35 B.R. 854 (Bankr.S.D.N.Y. 1983). However, in situations where a trustee seeks to recover monies from a party who also has a claim against the bankrupt's estate, the Bankruptcy Code allows that party to set off his claims against any eventual recovery by the Trustee. The Code provides, in pertinent part:

> ... this title does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose

before the commencement of the case
...

11 U.S.C. § 553(a).

 Defendant Rosen asserts that this part of the Bankruptcy Code gives him a right to set off ERCO's alleged obligations to him, as stated in his counterclaim, against anything ERCO may recover from him. The right of set-off is intended to remedy the unfairness perceived in requiring a creditor to pay his debts in full to the bankrupt, while allowing the creditor to recover only a percentage of the debts owed to him by the bankrupt. *In re Anchorage International Inn, Inc.*, 16 B.R. 308 (Bankr.Alaska 1981). Mutuality of obligation is a necessary prerequisite for the right of set off to accrue. *In re J.A.G., Inc.*, 7 B.R. 624, 626 (Bankr.D.Mass.1980). Prepetition debts may be set off against one another. However, a prepetition obligation may not be set off against a postpetition obligation because the requisite mutuality of obligation is absent. *In re Marketing Resources International Corp.*, 35 B.R. 353 (Bankr.E.D.Pa.1984). In this case the alleged debts of ERCO to Rosen and Rosen to ERCO all arose prepetition. It is not required that the debts owing from each party be of the same character or arise from the same transaction. *In re Shoppers Paradise, Inc.*, 8 B.R. 271, 277 (Bankr.S.D.N.Y.1980).

Counts I through IV of defendant Rosen's counterclaim seek $43,867 in reimbursable expenses, $120,000 allegedly due Rosen on a promissory note, $124,284.60 in past due salary and vacation pay, indemnification in a $4.2 million suit presently pending against him, and interest, costs, and attorneys' fees incurred in defending that action. The plaintiffs, relying on *In re O.P.M. Leasing Services, Inc.*, 35 B.R. 854 (Bankr.S.D.N.Y.1983), argue that Rosen may not set off these claims against whatever the trustee may eventually recover from him. The trustee in the *O.P.M.* case sought to recover from the defendants alleged fraudulent transfers under the United States Bankruptcy Code and New York Debtor-Creditor Law. The defendants counterclaimed alleging that the bankrupt was liable to them pursuant to certain business arrangements which they entered into with the bankrupt several years prior to the filing date. The court held that a party may not set off its claim where that party is being sued for fraudulent transfers. The court reasoned that where the trustee is seeking to avoid fraudulent transfers the requisite "mutuality of obligations" is missing. Moreover, allowing a set-off would, the court said, "condone and legalize a fraudulent transfer." *In Re O.P.M. Leasing Services, Inc.*, 35 B.R. at 868. *See also Bennett v. Rodman & English, Inc.*, 2 F.Supp. 355 (E.D.N.Y.1932).

Although the court's decision and rationale in the *O.P.M.* case are both sound, I am not persuaded that the plaintiffs in this case are entitled to summary judgment on defendant Rosen's counterclaim. Counts I, II, and III of plaintiffs' complaint in this case seek recovery for breach of contract, money had and received, and money lent, respectively. Those claims make this case distinguishable from the *O.P.M.* case which involved fraudulent conveyance claims only. Plaintiffs concede that 11 U.S.C. § 553(a) was intended to allow a party the right of set-off in a situation where the bankrupt and the defendant have mutual debts. The typical situation is one in which the bankrupt and the defendant owe each other money as a result of an ongoing business relationship or business dealings which they had with each other. *See, e.g., Clark v. Ferro Corp.*, 237 F.Supp. 230 (E.D.Tenn.1964). The debts in such situations are debts owed pursuant to contracts between the parties.

 Counts I, II and III of the plaintiffs' complaint in this action essentially allege that officers of ERCO agreed to make loans and personal travel advances to Rosen in exchange for Rosen's promises to repay these monies upon demand and with interest. Rosen allegedly has failed to comply with his promises. If plaintiffs can prove that Rosen is liable only on Counts I, II, and III and cannot show any fraud or similar wrong doing by Rosen, then Rosen

can set off anything he can recover on Counts I through IV of his counterclaim against whatever plaintiffs may recover from him on Counts I, II, and III of their complaint. Indeed, the evidence at trial may show that Rosen accepted loans and travel advances and agreed to pay interest in an arms length transaction with ERCO. If that is the factfinder's finding at trial, the parties' debts then will be "mutual" within the meaning of 11 U.S.C. § 553(a).

Counts IV, V, VI, and VII of the plaintiffs' complaint allege causes of action for conversion, misrepresentation and deceit, breach of fiduciary duty, and Chapter 156B liability. Counts VIII, IX and X seek to avoid certain transfers because they were unauthorized, fraudulent, and preferential. I rule that defendant Rosen may not set off Counts I through IV of his counterclaims against Counts IV through X of the plaintiffs' complaint. Each of Counts IV through X of the plaintiffs' complaint alleges tortious, fraudulent or similar unlawful conduct on the part of Rosen. If those allegations are proved at a trial on the merits, Rosen may not set off against those claims any claims he may be able to prove against ERCO. *In re O.P.M. Leasing Services, Inc.*, 35 B.R. 854 (Bankr.S.D.N.Y.1983); *See also Bayliss v. Rood*, 424 F.2d 142 (4th Cir.1970); *Putnam v. Handy*, 251 Mass. 196, 146 N.E. 264 (1925). His only remedy would be to pursue his proofs of claim in the bankruptcy proceeding.

 Count V of defendant Rosen's counterclaim alleges that "[i]n or about April or May 1982, ERCO maliciously published that the plaintiff was ... a crook or a thief and that he had stolen money from ERCO." Rosen failed to file a proof of claim prior to August 28, 1984, the date before which the Bankruptcy Court said that all proofs of claim must be filed. The plaintiffs contend that defendant Rosen is therefore barred from asserting this claim in any way. I rule that Rosen is barred from filing a proof of claim with respect to this claim, because he did not file such a claim prior to August 28, 1984 and that he cannot make an affirmative recovery in this action. *In re O.P.M. Leasing Services, Inc.*, 35 B.R. at 867. Furthermore, Rosen may not set off this claim against anything the trustee might recover from him at a trial on the merits. The defamation claim is clearly not a mutual debt within the meaning of 11 U.S.C. § 553(a). *Matter of Van Dyk Research Corp.*, 13 B.R. 487 (Bankr.N.J.1981). To constitute a mutual debt, the claim must be for an amount or a thing owed before the filing of the petition in bankruptcy. *In re Ulen & Co.*, 46 F.Supp. 437 (S.D.N.Y. 1941); *In re Field Ventilating Co.*, 201 F.2d 316 (7th Cir.1953).

Order accordingly.