### In re VIBROFLOTATION FOUNDATION COMPANY, Debtor.

**Bankruptcy No. 85–1113.
Motion No. 87–1656.**

United States Bankruptcy Court,
W.D. Pennsylvania.

June 19, 1987.

---

J. Michael McCague, D.S. Mazzotta & Associates, P.C., Pittsburgh, Pa., for Fred S. James & Co., Inc. of Pennsylvania.

Robert G. Sable, Lampl, Sable, Makoroff & Libenson, Pittsburgh, Pa., for debtor.

Lawrence N. Ravick, Pittsburgh, Pa., Trustee.

Carolyn L. Wepfer, Ravick, Beck & Henny, P.C., Pittsburgh, Pa., for trustee.

## MEMORANDUM OPINION

BERNARD MARKOVITZ, Bankruptcy Judge.

Presently before the Court is a *Motion For Relief From The Automatic Stay* by Fred S. James & Company, Inc. of Pennsylvania (hereinafter "James"), wherein it requests relief in order to allow a setoff between James and Vibroflotation Foundation Company (hereinafter "Debtor"). Debtor's trustee has objected to the entry of this relief, and challenges the propriety of setoff in this case, arguing lack of mutuality. Based upon the Stipulation of Facts and briefs presented to the Court by the parties, James' Motion will be denied and James will be directed to turn over Debtor's property to the trustee.

## FACTS

James is a Pennsylvania corporation licensed by the Pennsylvania Department of Insurance, and is authorized to operate as an insurance broker within the Commonwealth. In accordance therewith, James operates as an independent broker, selling policies for various insurance companies, including CNA. James and CNA operate under an Agency Agreement dated May 1, 1978.

During 1983 and 1984 James sold various insurance policies to the Debtor, *inter alia,* CNA policies covering Workers' Compensation and Employer's Liability. As was its practice, James forwarded the premium payments to CNA, and awaited reimbursement by the Debtor. The Debtor had partially paid James when its Chapter 11 bankruptcy occurred on May 20, 1985. On February 3, 1987, the case was converted to Chapter 7, and the trustee was appointed on February 9, 1987. The Debtor presently remains indebted to James for the total sum of $15,083.00.

As part of the above-mentioned insurance policies, the Debtor was entitled to collect certain dividends. In recognition of same, CNA issued a check dated August 2, 1985, in the amount of $12,191.40 to "Vibroflotation Foundation Company" c/o Fred S. James of Pennsylvania, Inc. Said check represented dividends for the period of January 1, 1983 through May 19, 1984. CNA sent this check to James and James continues to possess same.

## ANALYSIS

James asserts that the dividend check should be authorized as a partial setoff of its prepetition claim. 11 U.S.C. § 553(a). The trustee claims that James' request is inappropriate as there exists no mutuality of claims.

Section 553(a) of the Bankruptcy Code contains the setoff provision whereby a creditor of the debtor, who is also indebted to the debtor, may receive preferential treatment of its claim. In order to so qualify, James must show mutuality of debt between the Debtor and itself and prepetition quality of both debts. We have previously held that both of these conditions must be met in order to allow a setoff. *In re H. Wolfe Iron & Metal Company,* 64 B.R. 754 (Bankr.W.D.Pa.1986) ("as this

statutorily permitted setoff creates a permissible preference of one creditor over others, it must be strictly construed.").

As we stated in *Wolfe*, mutuality of debt, when dealing with insurance companies, brokers, agents and insureds, rests upon the determination of whether the insurance agent or broker and the insurance company are truly one and the same. In most cases there can be no such identity.

> [The] modern insurance agent is no longer analogous to the traditional principal-agent relationship. The insurance agent is not an employee of the insurance company soliciting business on its behalf but rather is an independent businessman soliciting business on his own behalf ... The agent pays his own sales expenses and overhead, has the responsibility of financing premiums beyond his companies' initial credit period, and bears personally and directly the risks of non-payment ... in a real sense the agent and not the insured is the company's customer.

*In re Roy A. Dart Insurance Agency, Inc.*, 5 B.R. 207, 209–10 (Bankr.D.Mass.1980), *quoted in Wolfe, supra* at 757.

The relationship between CNA and James is not unitary. James does not work solely for CNA; even when writing CNA policies, James works first and foremost for James.

Given this charting of the parties, setoff is completely inappropriate. James is a creditor of the Debtor, but the Debtor is not a creditor of James. The dividend transaction is between the Debtor and CNA. James is merely a conduit; the CNA check, drawn to the Debtor's order, says as much. As setoff is not necessary, James remains an unsecured creditor, and relief from stay cannot be granted.

Finally, while the parties have not overtly raised this issue, the Court finds that James' continued possession of the CNA dividend check is an improper retention of estate property, and James is directed to transmit same to the trustee. 11 U.S.C. § 542.

An appropriate Order will be issued.

## ORDER OF COURT

AND NOW at Pittsburgh in said District this 19th day of June, 1987, in accordance with the foregoing Memorandum Opinion of this same date, it is hereby ORDERED, ADJUDGED and DECREED that the Motion For Relief From The Automatic Stay filed by Fred S. James & Company, Inc. of Pennsylvania, be and is DENIED.

IT IS FURTHER ORDERED that James is directed to relinquish possession of, and immediately turn over to the trustee, Debtor's property; specifically, the CNA dividend check in the amount of $12,191.40.