**In re ROSS–VIKING MERCHANDISE CORPORATION, Debtor.**

**ROSS–VIKING MERCHANDISE CORPORATION, Plaintiff,**

v.

**AMERICAN CYANAMID CO., LEDERLE DIV., Defendant.**

**Bankruptcy Nos. 92–B–20166, 93–5008A.**

United States Bankruptcy Court, S.D. New York.

Feb. 26, 1993.

Jack G. Lerner, Lord Day & Lord, Barrett Smith, New York City, for Ross–Viking Merchandise Corp.

Skadden, Arps, Slate, Meagher & Flom, New York City, for American Cyanamid Company, Lederle Div.; Sally M. Henry, of counsel.

## DECISION ON MOTION FOR DECLARATORY JUDGMENT THAT DEFENDANT HAS NO RIGHT OF SET OFF

HOWARD SCHWARTZBERG,
Bankruptcy Judge.

American Cyanamid Company, Lederle Division ("American"), a creditor of the Chapter 11 debtor, argued that if this court rejects its setoff claim against the debtor it would result in a case of first impression. On the contrary, if this court sustains the debtor's opposition to the asserted setoff, it would create a wrong impression, reversible on appeal. The debtor seeks to recover from American the sum of $7,500.00 for amounts that a supermarket, Waldbaums, deducted from its bill from the debtor for cooperative advertising benefiting American. American has filed a proof of claim in this case for goods sold and delivered to the debtor for $47,678.21. The debtor contends that it allowed Waldbaums to deduct the $7,500.00 for cooperative advertising in its capacity as agent for Waldbaums and, therefore, American is obligated to the debtor for the payment of the $7,500.00 without any setoff from American's claim against the debtor. This argument is based upon the debtor's contention that there is no mutuality of obligations between American's debt to the debtor, acting as principal, and the debtor's $7,500.00 claim against American, as Waldbaums's agent.

### FINDINGS OF FACT

1. On January 27, 1992, the debtor filed with this court a petition for relief under Chapter 11 of the Bankruptcy Code and continues in operation of its business and property as a debtor in possession in accordance with 11 U.S.C. §§ 1107 and 1108.

2. The debtor is presently liquidating its business, collecting its receivables and selling its assets. It had been a specialty distributor of batteries, light bulbs and other electrical supplies to supermarkets and commercial users.

3. The debtor established that pursuant to the conduct of the parties, the debtor participated in a cooperative advertising program with American and supermarkets which purchased from the debtor and sold to the public products manufactured by American. In accordance with this cooperative advertising program, the existence of which was not rebutted by American, the debtor was obligated to pay for any advertising performed on its behalf by retailers of its products pursuant to certain terms and conditions.

4. Pursuant to the cooperative advertising program, the debtor gave a $7,500.00 credit to Waldbaums as a deduction from its bill for cooperative advertising of products manufactured by American, which the debtor sold to Waldbaums.

5. In its schedules, the debtor listed American as a general unsecured creditor for goods sold and delivered in the sum of $38,466.41. American has filed a proof of claim for goods sold and delivered to the debtor in the amount of $47,678.21, which claim has not been objected to and is prima facie evidence of its validity. *In re JCC Capital Corp.*, 142 B.R. 82 (Bankr. S.D.N.Y.1992).

6. The debtor asserts that in paying for the cooperative advertisements it acted as agent for Waldbaums and American, but that in purchasing goods from American, it acted as principal. Hence, the debtor argues that American may not setoff the amounts it owes the debtor against the amounts the debtor owes American.

7. The cooperative advertising program, on which American bottoms its claim for setoff, was established by the debtor without any evidence to the contrary. Additionally, the debtor presented proof, without contradiction, that it is entitled to reimbursement from American for cooperative advertising in the sum of $7,500.00, which Waldbaums deducted from its invoices from the debtor pursuant to the coopera-

tive advertising program. Of this amount, $500.00 was incurred post-petition and is clearly not subject to any setoff.

## DISCUSSION

■ Mutual prepetition debts between the debtor and creditors may be offset pursuant to 11 U.S.C. § 553(a).[1] The two key elements are mutuality and prepetition origins. In the instant case, $7,000.00 of the $7,500.00 claimed by the debtor as owed by American satisfies the prepetition requirement. The disputable issue involves the subject of mutuality.

■ The concept of mutuality of debts or credits means that the debts must be due and owing to and from the same persons in their same capacities. *Western Tie and Timber Co. v. Brown*, 196 U.S. 502, 25 S.Ct. 339, 49 L.Ed. 571 (1905); *Carolco Television Inc. v. National Broadcasting Co. (In re De Laurentiis Entertainment Group Inc.)*, 963 F.2d 1269, 1274–77 (9th Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 330, 121 L.Ed.2d 249 (1992); *In re Mastroeni*, 57 B.R. 191, 192 (Bankr.S.D.N.Y.1986).

A setoff has the effect of paying one creditor more than another. Despite the preferential advantages bestowed upon certain creditors by virtue of [the Bankruptcy Code], setoffs are accepted and approved because they are based upon long-recognized rights of mutual debtors. *Bohack Corp. v. Borden, Inc.*, 599 F.2d 1160, 1165 (2d Cir.1979). The doctrine of setoff is a recognized defense to a claim brought by the debtor against a creditor. Therefore, the creditor may recover only the amount of its claim in excess of the mutual offsetting debts. *De Laurentiis Entertainment Group*, 963 F.2d at 1277. In order for there to be mutuality of debts, the parties must owe the offsetting debts to each other in the same capacities or relationships, even though the debts did not arise out of the same transactions, nor

---

1. **§ 553. Setoff.**
   (a) Except as otherwise provided in this section and sections 362 and 363 of this title, this title does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commence-

   ment of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case....

   11 U.S.C. § 553(a).

must they be of the same character. *Davidovich v. Welton (In re Davidovich)*, 901 F.2d 1533, 1538 (10th Cir.1990); *In re Denby Stores, Inc.*, 86 B.R. 768, 777 (Bankr. S.D.N.Y.1988). The existence of a fiduciary duty or a trust relationship in one of the capacities of a party involved in an attempted setoff will not satisfy the concept of mutuality.

> Where the liability of the party claiming the right of offset arises from a fiduciary duty or is in the nature of a trust, the requisite mutuality of debts or credits does not exist, so that such party may not offset against such liability a debt owing from the debtor stemming from a different relationship.

*Mastroeni*, 57 B.R. at 193 (citations omitted).

■ The debtor may not draw any support for its position from *Western Tie*, 196 U.S. at 509, 25 S.Ct. at 341. There, pursuant to an agreement between the debtor and a creditor, the debtor deducted from its employees' salaries amounts which they owed to the creditor and thereafter remitted the funds to the creditor, irrespective of the account between the creditor and the debtor. The Supreme Court ruled that the debtor stood towards the creditor in the relation of a trustee for amounts withheld and could not offset any of the withheld funds against the creditor's claim. "[T]he case was not one of mutual credits and debts within the meaning of the setoff clause of the bankruptcy law." *Id.* Manifestly, the debtor in the instant case has not established any trust relationship which would undermine the prerequisite of mutuality.

Also distinguishable is the factual pattern in *In re Vibroflotation Foundation Co.*, 75 B.R. 533 (Bankr.W.D.Pa.1987), which the debtor cites in support of its position that it was a mere conduit for American and Waldbaums and that it deducted the cooperative advertising amounts from Waldbaums's invoices as agent for American rather than an obligation which it owed to American. In *Vibroflotation*, the creditor was an insurance broker who sold insurance policies to the debtor and prepaid the premiums to the insurance company and thereafter obtained reimbursement from the debtor. Independently of this arrangement, the debtor was entitled to collect certain dividends from the insurance company. The insurance company paid the dividend to the broker for transmittal to the debtor. The broker attempted to setoff its claim for premiums which it prepaid on behalf of the debtor against the dividend funds which it held for the debtor. The court held that the requirement of mutuality for setoff was lacking because the insurance company and the broker could not be regarded as the same entity. The broker was a creditor of the debtor for the prepaid premiums, but the debtor was not a creditor of the broker for the dividends held by the broker. The dividend transaction was between the debtor and the insurance company. The broker was "merely a conduit." *Id.* at 535.

The debtor in the instant case was not a "mere conduit." Unlike the debtor in *Vibroflotation*, which had no claim against the broker for the dividends owed by the insurance company and held by the broker, the debtor here does have a prepetition claim against American which can be credited against American's prepetition claim for goods sold and delivered to the debtor. The debtor relinquished control over any so-called conduit cooperative advertising funds when it allowed Waldbaums to take a deduction for this purpose. The debtor holds no funds which it may claim are held in its capacity, either as a trustee or a conduit, earmarked for American. See *In re Pioneer Commercial Funding Corp.*, 140 B.R. 951, 955–56 (Bankr.S.D.N.Y.1992). After permitting Waldbaums to deduct the amount attributable to the cooperative advertising program, the debtor was entitled to reimbursement from American in its own capacity and not as a conduit for funds which had already been deducted by Waldbaums. Manifestly, the debtor does not contend that American now owes the advertising funds to Waldbaums and that the debtor seeks to recover these funds on Waldbaums' behalf, as a conduit for Waldbaums.

Also not on point is *In re Chateaugay Corp.*, 86 B.R. 40 (S.D.N.Y.1988), where it was held that Blue Cross of Western Pennsylvania ("Blue Cross") was required to refund to the debtor surplus insurance premiums it held for the debtor. Blue Cross attempted to setoff against the surplus its claim for expenses incurred in administering all of the debtor's various other insurance programs. Blue Cross argued that it was not a fiduciary as to the surplus funds, but was instead a third party beneficiary of the health plan contract between the debtor and its employees and retirees. This third party beneficiary capacity was rejected for setoff purposes and Blue Cross had to remit to the debtor the surplus funds which it held in its fiduciary administrative capacity because mutuality of debts was lacking. The debtor in the instant case is not a fiduciary of any cooperative advertising funds which American owed to Waldbaums. The debtor satisfied the Waldbaums' obligation and is now entitled to collect this debt from American to the extent of the prepetition amount of $7,000.00. Therefore, setoff is applicable because the element of mutuality of prepetition obligations exists for purposes of 11 U.S.C. § 553(a).

## CONCLUSIONS OF LAW

1. The court has jurisdiction of the parties and the subject matter at issue pursuant to 28 U.S.C. §§ 1334 and 157(a) and (b). This is a core proceeding in accordance with 28 U.S.C. § 157(b)(2)(B).

2. American holds an allowed general unsecured prepetition claim against the debtor in the sum of $47,678.21 for goods sold and delivered to the debtor.

3. The debtor holds a prepetition claim against American in the sum of $7,000.00 for cooperative advertising for American's products which the debtor sold and delivered to Waldbaums with respect to which the debtor permitted Waldbaums to take a $7,500.00 deduction from invoices. Of this figure, $7,000.00 represents a prepetition deduction for which the debtor is entitled to reimbursement from American.

4. Pursuant to 11 U.S.C. § 553(a), American may setoff its $7,000.00 prepetition cooperative advertising debt against its prepetition $47,678.21 general unsecured claim.

5. The debtor may recover from American the $500.00 post-petition cooperative advertising amount which the debtor allowed Waldbaums on behalf of American because American's post-petition debt of $500.00 may not offset its prepetition claim for goods sold and delivered to the debtor. Only prepetition mutual debts qualify for setoff under 11 U.S.C. § 553(a).

SETTLE ORDER ON NOTICE IN ACCORDANCE WITH THE FOREGOING.